JAMES CLAYTON SPELL V. STATE

No. 28,684. February 20, 1957.
On Motion To Reinstate Appeal.

*Joseph B. Dibrell,* Seguin, for appellant.`

*Leon Douglas,* State's Attorney, Austin, for the state.

ON MOTION TO REINSTATE APPEAL

MORRISON, Presiding Judge.

The record has now been perfected, and we will consider the case on its merits.

Constable Thormeyer testified that he arrived upon the scene of the automobile collision, found the appellant seated in his automobile, detected the odor of alcohol on his breath, and from the manner in which he spoke and acted expressed the opinion that he was intoxicated. He stated further that the appellant had sustained serious injuries but said that "he wasn't hurting" and that he observed a bottle of whiskey on the floorboard of the appellant's automobile.

It was shown by other witnesses that the collision occurred on the appellant's left hand side of the highway, that at least one of the occupants of the other automobile was killed as a result of the collision, that the appellant was carried to a hospital where a sample of his blood was taken with his consent and, when analyzed, showed that it contained .40 percent of alcohol, which was far in excess of the standard of intoxication set by the American Medical Association and the National Safety Council.

Highway Patrolman James testified that he observed the appellant at the hospital, detected the odor of alcohol on his breath, and expressed the opinion that he was intoxicated.

The state showed by a number of witnesses, who had ob-

served the appellant driving just prior to the accident, that he was crossing back and forth across the center stripe and was holding his head in his left hand.

The appellant, testifying in his own behalf, admitted drinking five beers on the day in question and not having had anything to eat for approximately 28 hours prior to the collision. His explanation of the wreck was that the automobile which he was meeting, with which he collided and in which the deceased was riding, blinked its direction signals and that he thought it was going to turn, and that when he realized it was not going to turn he turned loose of the steering wheel and did not know where his automobile went but that he did not purposely drive into his left lane of the highway. He stated that when he regained consciousness he was in a hospital in San Antonio.

The appellant called the witness Herron, who stated that he was following the appellant shortly before the collision, did not observe the appellant cross the center stripe, and expressed the opinion that the collision had occurred in the center of the highway.

The jury resolved such disputed issues as there were against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions raised in the appellant's brief. He contends that it was incumbent upon the state to call as witnesses the remaining occupants of the automobile with which the appellant collided. Such contention is predicated upon the assumption that the state's case was based on circumstantial evidence. With this, we do not agree. There was ample direct evidence that the appellant was the driver of the automobile, was intoxicated, and that death resulted from his unlawful act.

Appellant next complains of a comment of the court. The appellant had questioned Highway Patrolman Spellman about what would have been the appellant's safest course to have followed had he found himself in the predicament about which the appellant testified. The court sustained the state's objection and said, "Gentlemen, we are not going into contributory negligence. We don't have that in this at all. The objection will be sustained."

We find no objection interposed to this comment, and therefore nothing is presented for review.

Appellant's last contention is that the state committed fundamental error by proving the taking of the blood test by the highway patrolman and not calling the attending physician. We are cited no authority in support of such contention and know of none.

The judgment is affirmed.